**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOHNNIE M. TRIPLETT                                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:06CV441 HTW-LRA

JOHNSON CONTROLS, INC. AND
DEMETRI "DOE"                                                                                 DEFENDANTS

## ORDER REMANDING CASE TO STATE COURT

Before this court is the motion of the plaintiff, Johnnie M. Triplett, asking this court to remand this lawsuit to the Circuit Court of Madison County, Mississippi. One defendant, Johnson Controls, Inc., is a corporate citizen of the State of Delaware. The other defendant, non-diverse in citizenship to the plaintiff, is sued under the name of Demetri "Doe," purportedly, as plaintiff, a resident of Mississippi and former employee of Johnson Controls, Inc.

Plaintiff's complaint, filed on March 13, 2006, states that Demetri "Doe" assaulted the plaintiff on more than one occasion when the two were co-workers at Johnson Controls, Inc. Plaintiff accuses Johnson Controls of failing to provide him a safe and violence-free workplace in accordance with the "Johnson Controls, Inc. Automotive Systems Group Team Member Handbook."

The defendant, Johnson Controls, Inc., removed this case to this federal court on August 10, 2006, pursuant to the authority of Title 28 U.S.C. §§ 1332(a),[1] 1441[2]

---

[1]Title 28 U.S.C. § 1332(a) provides that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

and 1446(b),[3] arguing that a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. Defendant Johnson Controls argues that removal to federal court is proper now since it effectuated this removal within thirty (30) days of discovering that plaintiff had failed to serve timely the defendant Demetri "DOE" while this lawsuit was still in the state court within 120 days as required by Rule 4(h)[4] of the Mississippi Rules of Civil Procedure. In support of its removal,

---

$75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... "

[2]Title 28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

[3]Title 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

[4]Rule 4(h) of the Mississippi Rules of Civil Procedure provides that, "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

defendant contends that since the non-diverse defendant is subject to dismissal under Rule 4(h), the Demetri "Doe" defendant should be construed as "fraudulently joined."

The plaintiff responds that the last name of defendant Demetri "Doe" is unknown to the plaintiff, making service of process difficult. Demetri "Doe," says plaintiff, in his complaint filed in state court and subsequently removed to this court, is a named defendant who has not been dismissed from that complaint. Defendant's removal, says plaintiff, suffers two flaws: it is procedurally flawed because the Notice of Removal was not filed, "...within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" as required by Title 28 U.S.C. § 1446(b). Next, says plaintiff, this removal is substantively flawed because under the facts, he has a reasonable basis to assert that state law would impose liability upon the resident defendant Demetri "Doe" for the acts alleged in the state court complaint, once the plaintiff obtains service of process on him. This court agrees with both arguments.

## **APPLICABLE LAW**

The removal of this cause by Johnson Controls, Inc., under these circumstances runs directly contrary to the controlling decisions of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit: "the fact that [a] resident defendant has not been [timely] served with process does not justify removal by the non-resident defendants." *Pullman Co. v. Jenkins*, 305 U.S. 534, 541,

59 S.Ct. 347, 350-51, 83 L.Ed. 334 (1939); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). In *Deshotel*, the Fifth Circuit stated as follows:

> [A Defendant's] non-diverse citizenship cannot be ignored simply because he was an unserved [or untimely served] defendant. A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

*Deshotel*, 142 F.3d at 883.

Johnson Controls, Inc., has failed to heed this directive. Nowhere in its papers does Johnson Controls, Inc., allege that the non-diverse defendant was joined in bad faith under the traditional fraudulent joinder analysis. *See Pullman*, 305 U.S. at 541, 59 S.Ct. 347.

This is not the only error here. Title 28 U.S.C. § 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. A notice of removal normally must be filed within thirty days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based. In this case the defendant Johnson Controls, Inc., was served the summons and the complaint stating the claim for relief on March 16, 2006. Inasmuch as this case was not removed until August 10, 2006, the removal is untimely, unless an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable comes to light. Further, in accordance with Title 28 U.S.C. § 1446(b), this case may not be removed on the basis

of jurisdiction conferred by § 1332 more than 1 year after commencement of this action.

Defendant did not comply with § 1446.  This lawsuit features no amended pleading, motion, order or other paper from which defendant could have ascertained that this lawsuit was then removable.

Accordingly, this court finds that the motion of the plaintiff to remand this case to the Circuit Court of Madison County, Mississippi, [**docket no. 6**], is well taken and the same is granted.

**SO ORDERED** this the 21st day of February, 2007.

> **s/ HENRY T. WINGATE**
> **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:06-cv-441HTW-JCS
Order Remanding Case to State Court